JOHN M. BURKE
   Attorney at Law                              26 Court Street - Suite 2805
                                                            Brooklyn, New York  11242
                                                            Tel: (718) 875-3707
                                                            Fax: (718) 875-0053

November 29, 2007

Honorable William H. Pauley
United States District Court
Southern District of New York
500 Pearl Street
New York, New York   10007

                         Re.:   U.S. v. Gregory Youngs
                               07 CR 338 (WHP)

Dear Judge Pauley:

       I am writing on behalf of my client, Gregory Youngs, to request that the Court be as merciful as possible at the time of sentence.   Mr. Youngs is a 54 year old non-violent first time misdemeanor offender.   In view of Mr. Youngs' personal history and the aims of 18 U.S.C. 3553, the defense believes a non custodial sentence would be appropriate.

I.     ADVISORY GUIDELINES

       The Department of Probation has compared Mr. Youngs' final offense level as 10 and in Criminal History I this yields a sentence of 6 to 12 months.   However, even if the Court chooses to adhere to the advisory guideline range, Mr. Youngs is eligible to be sentenced to probation and home confinement.   U.S.S.C.§5C1.1(c); P.S.R.[1] parg. 80.

       The defense has no objections to the guideline calculations and the contents of the probation report.   Youngs maintains his right, expressly reserved at the time of his plea allocution, to request a non-custodial sentence.

---

     [1]Pre Sentence Report

Honorable William H. Pauley                                              November 29, 2007
United States District Court                                              Page 2


II.     PERSONAL HISTORY

      Gregory Youngs is a <u>54</u> year old United States citizen and a first time non-violent misdemeanor offender.  Youngs was born in New York City and was raised under humble financial circumstances by his mother, Mary Sams, age 73.  He attended New York City public schools and obtained a General Equivalency Diploma in 1974.

      After high school Mr. Youngs found employment as an elevator operator, stock clerk and research assistant.  He later worked as a vault clerk and mail room supervisor for the Bank of New York.  In the 1980's he met Carmen Roman Santana, a dental assistant and nurse's aide, and they were married in 1986. After they were married Youngs' wife became a heroin addict and alcoholic. Her addictions and mental problems made their relationship unstable and the couple had to separate on several occasions.  Although Carmen Youngs attended methadone clinics, she was unable to control her drug addiction and she was seriously injured in a car accident in 1998.

      Since Carmen Young was in poor physical condition, she wanted to move closer to her family and the couple relocated to Puerto Rico in 1998.  Although the couple separated, Mr. Youngs remained in Puerto Rico and worked as a toll booth operator for six years.  At the time of his arrest, Gregory Youngs worked for Genesis Security as a toll collector and earned $5.15 per hour.

      Gregory Youngs voluntarily surrendered himself in the Southern District in May of 2007.  Sadly, Carmen Youngs died in her sleep about ten days after surrendering herself to the Federal authorities.

      Since his return to New York Gregory Youngs has been living with his sickly mother in an upper Manhattan apartment   His mother Mary is a diabetic, has a pacemaker, and is visited by home health aids three times a week. Gregory Youngs currently spends the bulk of his time caring for his mother and looking for full time employment. Since his arrest Gregory Youngs has lost his wife, his job and his home in Puerto Rico.  He plans to make his home in New York City once the case is completed.

Honorable William H. Pauley                                        November 29, 2007
United States District Court                                       Page 3


III.    THE OFFENSE

Starting in 1991 Carmen Youngs lived in a federally subsidized apartment in the Bronx, New York. After she was seriously injured in an automobile accident in 1998, Carmen and Gregory Youngs moved to Puerto Rico so her family could assist in her recovery. When Carmen Youngs moved to Puerto Rico she began to illegally sublease her subsidized apartment.

Gregory Youngs admits to helping his wife improperly convert funds from the United States Department of Housing and Urban Development.[2] Carmen Youngs illegally rented out her federally subsidized apartment in the Bronx, New York and defrauded the Federal Government. Gregory Youngs helped her to do this by using his bank account to deposit the tainted funds. He is extremely remorseful for his illegal acts and would like to accept responsibility for his improper actions. Mr. Youngs beseeches the Government for mercy and promises to lead a law abiding life in the future.

IV.    GREGORY YOUNGS ASKS THE COURT TO IMPLEMENT THE SENTENCING GOALS OF 18 U.S.C. 3553(a)

Apart from consideration of departures under the now "advisory" Guidelines, 18 U.S.C. §3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of this subsection." Section 3553(a)(2) states that such purposes are:

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and

---

[2]The bulk of the money was kept by Carmen Youngs

Honorable William H. Pauley  November 29, 2007
United States District Court  Page 4

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs the sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense.

Other statutory sections also give the district court direction in sentencing. Under 18U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, a sentencing judge is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation."

Under 18 U.S.C. §3661, "[n]o limitation shall be placed on the information concerning the background, character or conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Indeed, the directives of Booker, United States v. Crosby, 397 F.3d 103 (2nd Cir. 2005) and §3553(a) now make clear that courts must consider all of the factors in §3553(a), many of which the Guidelines either reject or ignore. In sum, under Booker and Crosby, the Guidelines are not binding and courts need no longer justify a sentence outside of them by citing factors to take the case outside the "heartland". Courts are now free to disagree, in individual cases and in the exercise of discretion, with the actual Guidelines range, so long as the ultimate sentence imposed is reasonable and supported by reasons tied to the § 3553(a) factors.

An analysis of the § 3553(a) factors in this case militates in favor of Mr. Youngs and the imposition of a sentence below the Guidelines range.

Honorable William H. Pauley  November 29, 2007
United States District Court  Page 5

1) NATURE AND CIRCUMSTANCES OF THE OFFENSE

Gregory Youngs admits his guilt and accepts responsibility for his criminal acts. While mindful of the serious nature of Youngs' crime of conviction the defense would like to emphasize that he did not originate the fraudulent scheme and did not keep the bulk of the proceeds. The defense asks to incorporated Section III of this letter by reference.

2. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Gregory Youngs is a disabled 54 year old non-violent first time offender. The defense would like to incorporate by reference those arguments and facts contained in Sections II of this letter.

3. THE KINDS OF SENTENCES AVAILABLE

Since Youngs is a non-violent first time offender, there is no mandatory minimum sentence and he is eligible for probation. P.S.R. parg. 84.

4. THE GUIDELINES SENTENCING RANGE AND GUIDELINES POLICY STATEMENT

The defense has no objection to the advisory guideline range and wishes to emphasize that in this instance Mr. Youngs may be sentenced to a term of probation.

5. REFLECTING THE SERIOUSNESS OF THE OFFENSE, PROMOTING RESPECT FOR THE LAW, PROVIDING JUST PUNISHMENT, DETERRING CRIMINAL CONDUCT, PROTECTING THE PUBLIC

18 U.S.C. §3553(a) requires courts to impose a sentence "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training. All of these sentencing objectives can be attained by imposing a non-Guidelines sentence of probation.

Honorable William H. Pauley  November 29, 2007
United States District Court  Page 6

## CONCLUSION

Gregory Youngs deeply regrets his crime and promises to lead a law abiding life in the future. He begs the Court for mercy and asks the Court to fashion a sentence that is both lenient and in accordance with the directives of 18 U.S.C. §3552.

                                        Respectfully yours,

JB/dw                                    JOHN BURKE
                                       Attorney for Gregory Youngs

cc:    United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York   10007
      Attention: Todd Blanche, Esq., AUSA

      United States Department of Probation
      233 Broadway
      New York, New York   10279
      Attention: P.O. Colleen Tyler